IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KEVIN RAY LANDRY** § | |
| § | A-13-CV-715 LY |
| V. § | (A-06-CR-169 LY) |
| § | |
| **UNITED STATES OF AMERICA** § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Kevin Ray Landry's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, originally filed on filed on August 13, 2013 (Dkt. # 240) and amended on September 11, 2013 (Dkt. # 244). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On July 18, 2006, Kevin Ray Landry ("Landry"), was charged in a Four Count Indictment with Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(l) & (b)(1)(C); Possession of a Firearm In Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c); Possession with Intent to Distribute 50 grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(l) & (b)(1)(A); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). On January 15, 2008, a jury found Landry guilty on all four counts. He was sentenced to four concurrent sentences with the maximum sentence being 240 months. Landry filed a direct appeal. *See United States v. Landry*, No. 08-50687 (5th Cir. July 17, 2009) (Dkt. # 236).

On June 22, 2009, the Fifth Circuit affirmed the District Court's judgment and entered a mandate on July 14, 2009. Landry did not file a petition for writ of certiorari with the Supreme Court.

Landry has now filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he was denied the effective assistance of counsel.

## II. ANALYSIS

Landry's Motion is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Since 1996, § 2255, amended by § 105(2) of the AEDPA, has provided as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Landry's conviction became final on September 20, 2010. When a defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) on the date of the Supreme Court's denial of a petition for writ of certiorari. *United States v. Thomas*, 203 F.3d

2

350, 355 (5th Cir. 2000). When such a petition has *not* been filed, as in this case, the judgment becomes final upon the expiration of the 90-day period for filing such a petition. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000). On June 22, 2009, the Fifth Circuit Court of Appeals affirmed the District Court's Judgment. Mandate was issued on July 14, 2009. The time in which Landry could have petitioned for certiorari expired on September 20, 2009, 90 days after entry of the Fifth Circuit's Judgment. See SUP. CT. R. 13(1). Therefore, under the AEDPA, Landry was required to file a § 2255 motion on or before September 20, 2010. Landry, however, did not file the instant § 2255 motion until he mailed it nearly three years late, on August 7, 2013. Landry has not alleged or produced any evidence or argument that the Government impeded or prevented him from filing his § 2255 petition prior to the end of the limitations period. In addition, Landry had sufficient knowledge of the facts long before the deadline, so that he could have timely filed his Motion.

Landry argues that the applicable limitations periods did not begin to run until after three recent Supreme Court cases were decided. Landry first refers to *Alleyne v. United States*, ⎯ U.S. ⎯⎯, 133 S.Ct. 2151 (2013). *Alleyne* extended the Court's holding in *Apprendi* to mandatory minimums, holding that:

> [a]ny fact that, by law increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 133 S.Ct. at 2155 (citation omitted). Landry appears to be claiming that his Sixth Amendment right to a jury trial was violated as his sentence was enhanced at sentencing by the judge rather than the jury. There is no indication in *Alleyne* that the Supreme Court wished to make its holding retroactive to cases on collateral review. While it does not appear that the Fifth Circuit has,

as of yet, ruled on this issue, the courts that have addressed it have all held that *Alleyne* is not retroactive to cases on collateral review.[1] Additionally, "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively on collateral review." *Mitchell v. United States*, 2013 U.S. Dist. LEXIS 120755, at *6 (W.D. Tex., Aug. 26, 2013). *See also Schriro v. Summerlin*, 542 U.S. 348, 124 (2004). Based on the above, this Court is unable to conclude that *Alleyne* affords Landry any retroactive relief.

Landry additionally relies upon the Supreme Court's recent decision in *Descamps v. United States*, ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 2276 (2013) to support his claim that his case should be reviewed and he should be re-sentenced. The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the undersigned found any cases applying *Descamps* retroactively to cases on collateral review.

Lastly, Landry cites to *Dorsey v. United States*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 132 S.Ct. 2321, 2331 (2012). *Dorsey* was decided on June 21, 2012, more than a year before Landry's Petition, filed on August 7, 2013, and thus it has no bearing on the timeliness of his § 2255 motion.

---

[1]*See Clinton v. Young*, 2013 WL 5233712 (W.D. La. Sept. 16, 2013); *Mingo v. United States*, 2013 WL 4499249, at *2 (W.D. Mich., Aug.19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *United States v. Eziolisa*, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, 2013 WL 3365139, at *4 (N.D. Ohio, July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because " *Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction."); *Smith v. Holland*, 2013 WL 4735583 (E.D. Ky., Sept. 3, 2013); *Simpson v. United States*, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013); *United States v. Ailsworth*, 2013 WL 4011072, at *1 (D.Kan., Aug. 6, 2013); *United States v. Stewart*, 2013 WL 4553349 (S.D. Miss., Aug. 28, 2013); *United States v. Cantu–Rivera*, 2013 WL 3873281 (S.D. Tex., July 24, 2013).

## III.  RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court **DISMISS WITH PREJUDICE** Kevin Ray Landry's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. # 240, 244) as time-barred under the AEDPA.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Landry's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 4th day of October, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

6